### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERTA ROS JOSEPHINE JONES<br><br>                    Plaintiff,<br><br>        v.<br><br>GERALDO RIVERA, *et al.*,<br><br>                    Defendants. | Civil Action No. 23-654 (JMC) |

### <u>MEMORANDUM OPINION</u>[1]

Plaintiff Alberta Ros Josephine Jones, acting pro se, filed a civil complaint against Defendants Geraldo Rivera, the U.S. Navy, and unnamed John Does. ECF 1. the Court **DISMISSES** the Complaint and this civil action. The Court also denies Plaintiff's request for additional time to serve Defendants. ECF 6.

Every civil complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a) ensures that defendants can "file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hamrick v. United States*, 775 F. Supp. 2d 140, 142 (D.D.C. 2011). When, as is the case here, a litigant is proceeding pro se, pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But a pro se litigant

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

still "must comply with the Federal Rules of Civil Procedure." *Butler v. Cal. State Disbursement Unit*, 990 F. Supp. 2d 8, 8–9 (D.D.C. 2013).

The Court has reviewed Jones's Complaint, keeping in mind that it is held to less rigorous standards than a complaint drafted by a lawyer. Jones's Complaint fails to satisfy minimum pleading standards. The Complaint does not provide a cogent statement of Jones's claims. It repeatedly refers to "untruths" that Defendant Rivera purportedly told her that form the bases for her claim for damages, but provides no factual support for these conclusory allegations. The Complaint further alleges that Plaintiff is seeking copies of certain videos to bring an unspecified claim against Defendants. The Complaint also purports to bring claims against the U.S. Navy, but the Complaint does not have any description about what the U.S. Navy (or any John Doe defendants) allegedly did to her. Indeed, the Court can ascertain no claim upon which relief could potentially be granted based on the allegations presented. A defendant faced with responding to this pleading would not know where to begin.

Because these, and other, factual deficiencies fail to raise Jones's right to relief in this forum above the speculative level, Jones's Complaint is dismissed. The Court has the authority to dismiss a complaint on its own where—as here—a plaintiff fails to comply with Rule 8's procedural requirements. *See, e.g.*, *Brown v. Washington Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint sua sponte for noncompliance with FRCP 8(a)); *Hamrick v. United States*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding a district court did not abuse its discretion when it dismissed a claim sua sponte and for noncompliance with FRCP 8(a)); *Nicole v. Nat'l Savs. & Trust Co.*, 250 F.2d 36, 38 (D.C. Cir. 1957) (affirming a district court's dismissal of a complaint for failure to comply with FRCP 8(a)).

Additionally, the Court may, "[n]otwithstanding any filing fee," dismiss a case sua sponte when a complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2), which is also the case here.

The Court also denies Plaintiff's pending motion for an extension of time to serve Defendants. Plaintiff filed this matter on February 24, 2023 and was thus required to serve Defendants by May 25, 2023. On June 7, 2023, after the deadline for service passed, the Court issued an order to show cause why this matter should not be dismissed for failure to serve Defendants within the timeframe specified in Rule 4(m). In response, Plaintiff filed a motion seeking an extension of time to serve Defendant Rivera. The Motion set forth current challenges that Plaintiff is experiencing that requires her to have additional time to serve Defendant Rivera, as well as an allegation that this Defendant "travels extensively." The Motion did not allege that Plaintiff made efforts to serve this Defendant in the time frame or explain why she could not make those efforts. The Motion also provides no basis for her failure to serve the U.S. Navy during the time period. The Motion as presented does not satisfy the good cause standard, however, it is moot in any event because the Court is dismissing this case.

Accordingly, it is hereby **ORDERED** that Plaintiff's Complaint and this civil action are **DISMISSED**. It is further **ORDERED** that Plaintiff's Motion for an Extension of Time to File and Serve First Amended Complaint, ECF 6, is **DENIED** as moot.

An Order consistent with this Memorandum Opinion is issued separately.


**SO ORDERED.**

DATE: August 17, 2023


_____
Hon. Jia M. Cobb
U.S. District Court Judge

3